UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIGHTVIEW LANDSCAPE DEVELOPMENT, INC, <br><br> Plaintiff, <br><br> v. <br><br> J. PHILIP HOWARD, <br><br> Defendant. | Case No. 1:25-cv-00240-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is BrightView Landscape Development Inc's motion for a temporary restraining order (Dkt. 5). For the reasons set forth below the Court will grant the motion, but with some modifications of the requested restraining order, and set a hearing on the motion for a preliminary injunction for May 19, 2025 at 9:00 am.

## BACKGROUND

BrightView filed a Complaint against its former employee, J. Philip Howard, alleging Mr. Howard breached the Confidentiality and Non-Solicitation Agreement he signed when he started his employment. More specifically, BrightView alleges

**MEMORANDUM DECISION AND ORDER - 1**

Mr. Howard breached three terms of that Agreement. Those provisions provide as follows:

> **3. Non-Disclosure and Non-Use of Confidential Information and Trade Secrets.** During the term of team member's employment and following the voluntary or involuntary termination of team member's employment for any reason and with or without cause, team member will not, except as authorized and required to perform team member's duties for BrightView, directly or Indirectly: use, disclose, reproduce, distribute, or otherwise disseminate BrightView's Confidential Information or Trade Secrets, or take any action causing or failing to prevent any such information to lose its character or cease to qualify as Confidential Information or a Trade Secret. Team member agrees to ask BrightView if team member has any questions about whether particular information is Confidential Information or a Trade Secret before using or disclosing such information. This prohibition applies regardless of whether the Confidential Information or Trade Secret was acquired before the effective date of this Agreement or thereafter.
>
> . . .
>
> **5. Non-Solicitation of Customers.** Team member agrees that during team member's employment and for a period of two (2) years following the voluntary or involuntary termination of team member's employment for any reason and with or without cause, team member will not, either on behalf of team member or for any Competing Business, directly or Indirectly solicit, divert, or appropriate, or attempt to solicit, divert, or appropriate any Customer or accept any business from any Customer with whom team member had Material Business Contact in the Look Back Period, for the purposes of providing services that are the same as or substantially similar to those provided in the Business of BrightView.
>
> **6. Non-Solicitation of team members.** Team member agrees that during his or her employment with BrightView and for one (1) year following the voluntary or involuntary termination of his or her employment for any reason and with or without cause, team member will not directly or Indirectly solicit, recruit, or encourage current team members of BrightView or team members who have terminated their employment with BrightView

**MEMORANDUM DECISION AND ORDER - 2**

within one (1) year of the solicitation, recruitment, or encouragement, with whom team member worked, as to whom team member supervised, or about whom team member has Confidential Information during the Look Back Period, to provide to a Competing Business the same or substantially similar services they provided to BrightView. In the event BrightView loses a team member due, in whole or in part, to conduct by team member that violates this Agreement prior to the issuance of injunctive relief, team member shall pay BrightView a sum equal to thirty percent (30%) of the annual wages of the person(s) who were improperly solicited and left BrightView, based on such person's last rate of pay with BrightView. This payment shall not preclude or act as a substitute for any remedy that would otherwise be available, including but not limited to, injunctive relief to prevent further violations.

*Compl.*, Ex. A, Dkt. 1-1.

BrightView alleges Mr. Howard breached these provisions by recruiting BrightView employees and customers to his new employer, KirbyCo, as well as by disclosing confidential information. It now moves for a temporary restraining order prohibiting further breaches of the Agreement, requesting the return of any confidential material, and prohibiting the destruction of material relevant to this action.

## LEGAL STANDARD

The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). This means BrightView must show it is "likely to succeed on the merits, that [it] will suffer irreparable harm in the

**MEMORANDUM DECISION AND ORDER - 3**

absence of preliminary relief, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Additionally, in the Ninth Circuit "serious questions on the merits and a balance of the hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). This "sliding scale approach" allows a party to make a lesser showing of likelihood of success provided [it] will suffer substantial harm in the absence of relief." *Id.* at 1133. Under this approach, however, "serious questions going to the merits" requires more than showing that "success is more likely than not;" it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *Levia-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011).

Although the standard for obtaining a temporary restraining order and a preliminary injunction is identical, they serve fundamentally different purposes. "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction. *W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008–09 (D. Or. 2019) (cleaned up). One important difference is the

duration of the relief: Preliminary injunctions remain in force throughout the litigation; whereas, temporary restraining orders remain in force "just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974). Importantly, issuing a temporary restraining order is not designed to replace the "thorough consideration contemplated by full proceedings pursuant to a preliminary injunction." *Oby v. Clear Recon Corp.*, No. 2:16-cv-01008-MCE-CKD, 2016 WL 3019455, at *1 (E.D. Cal. 2016).

## ANALYSIS

### A.   Likelihood of the Success on the Merits

BrightView has demonstrated a likelihood of success on the merits on at least one of its claims. The Complaint alleges claims for breach of contract and breach of the duty of loyalty. For the purposes of the present motion, BrightView focuses on the likelihood of success on its breach of contract claim. The Agreement between BrightView and Mr. Howard is governed by Pennsylvania law. *See Compl.*, Ex. 1 at § 11, Dkt. 1-1. To demonstrate breach of contract, BrightView must show (1) the existence of a contract; (2) a breach of the duty imposed by contract; and (3) damage caused by the breach. *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. Ct. 2000).

### 1. Existence of a Contract

First, BrightView has made a sufficient showing that there is a valid agreement. The Agreement between BrightView and Mr. Howard includes the two provisions Mr. Howard is alleged to have breached. *Compl.* Ex. A at §§ 3, 5 and 6, Dkt. 1-1. With respect to the two non-solicitation provisions, Pennsylvania courts have enforced similar non-solicitation provisions when they are (1) supported by adequate consideration and "incident to an employment relationship between the parties;" (2) "reasonably necessary for the protection of the employer" by protecting legitimate business interests; and (3) "reasonably limited in duration and geographical extent." *Hess v. Gebhard & Co. Inc.*, 808 A.2d 912, 917–18 (Pa. 2002).

Here, Mr. Howard received valuable consideration for the restrictive covenants because he executed the Agreement in connection with the beginning of his employment. This is likely sufficient consideration. *See Socko v. Mid-Atl. Sys. Of CPA, Inc.*, 126 A.3d 1266, 1274 (2015). The restrictive covenants are also designed to protect BrightView's confidential information and goodwill. These are both legitimate business interests that can be protected by a restrictive covenant. *See e.g.*, *Vector Sec., Inc. v. Stewart*, 88 F. Supp. 2d 395, 400 (E.D. Pa. 2000). Finally, BrightView has shown a likelihood of showing that the scope of the

**MEMORANDUM DECISION AND ORDER - 6**

restrictive covenants is reasonable in duration and geographical reach. The restrictive covenant preventing solicitation of employees only applies for one year and the restrictive covenant preventing solicitation of customers applies only for two years. Pennsylvania courts have "often" found three-year restrictions reasonable. *See Coventry First, LLC v. Ingrassia*, 2005 WL 1625042, at *8 (E.D. Pa. July 11, 2005). The shorter duration of the provisions here suggests they are likely enforceable.

2. **Breach**

BrightView has also made a sufficient showing that Mr. Howard breached the restrictive covenants. It has pointed to evidence that Mr. Howard referred a former BrightView customer to KirbyCo and that he reached out to several BrightView employees to hire them. *Harper Decl.* at ¶¶ 25–30, Dkt. 5-2. This solicitation or attempts to solicit, whether successful or not, soliciting BrightView would constitute a breach of the Agreement.

3. **Damage**

Finally, BrightView has demonstrated a likelihood that it can establish it suffered damages as a result of the breach. BrightView estimates that it has lost approximately $400,000 due to Mr. Howard's soliciting and accepting business from one of the BrightView's former customer. In addition, Mr. Howard has

MEMORANDUM DECISION AND ORDER - 7

recruited away at least one employee, which would constitute additional damage to BrightView. Accordingly, the first factor weighs in favor of BrightView.

### B.     Irreparable Harm

BrightView has made a sufficient showing of irreparable harm. As the Ninth Circuit has recognized, "[e]vidence of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001). Here, BrightView has pointed to evidence that it has already lost one employee to Mr. Howard's solicitation and that Mr. Howard has attempted to reach out to other employees. *Compl.*, Exs. G, H, Dkts. 1-7, 1-8; *Harper Decl.* at ¶¶ 30, 31, Dkt. 5-2. It has also shown evidence that Mr. Howard initiated contact with an existing BrightView customer and that BrightView has already lost one customer to Kirby Co. *See id.* at ¶¶ 27–29. The loss of business and damage to BrightView's reputation constitute irreparable harm. *See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

### C.     Balance of the Equities

Third, BrightView has demonstrated that, at this point, "the balance of the equities tips in [its] favor." *Winter*, 555 U.S. at 20. As described above, BrightView has demonstrated it will suffer irreparable harm in the absence of

MEMORANDUM DECISION AND ORDER - 8

temporary injunctive relief. Importantly, this is the type of harm that is difficult to quantify. *See Rent-A-Center, Inc.*, 944 F.2d at 603. In contrast, requiring Mr. Howard to comply with the terms of the Agreement does not present a significant hardship.

### D.    Public Interest

Finally, "[w]hen the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor in the analysis rather than one of the favors granting or denying the'" temporary restraining order. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009). The requested temporary injunction is narrow and any effect on non-parties is limited. Nonetheless, as BrightView points out, "the public interest is served by protecting a company's right to proprietary information, business operations, and contractual rights." *Compass Bank v. Hartley*, 430 F. Supp. 2d 973, 983 (D. Ariz. 2006). Accordingly, BrightView has met the requirements for a temporary restraining order and the Court will grant the motion.

### E.    Scope of Temporary Restraining Order

Although BrightView has met the requirements for a restraining order, the Court will not grant the full scope of the requested relief. BrightView requests that the Court issue a temporary restraining order, essentially, ordering Mr. Howard to

**MEMORANDUM DECISION AND ORDER - 9**

comply with the terms of the Agreement, return all confidential, proprietary and trade secret information belonging to BrightView that remains in his possession, custody, or control; and that Howard preserve any documents containing information relevant to the subject matter of this action.

As the Court indicated at the outset, the main purpose of a temporary restraining order is to maintain the status quo until the Court can hold a hearing on the motion for a preliminary injunction. As such, the Court will not order the return of confidential material at this time because the return of that material does more than maintain the status quo.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Temporary Restraining Order (Dkt. 5) is **GRANTED**.

2. A hearing on the motion for a preliminary injunction shall be set for **May 19, 2025 at 9:00 am** at the United States Courthouse in Boise, Idaho.

4. The Defendant shall file a response to the motion for a preliminary injunction on or before **May 14, 2025** and plaintiff may file a reply on or before **May 16, 2025.**

5. Pending the upcoming preliminary injunction hearing, the defendant

**MEMORANDUM DECISION AND ORDER - 10**

shall immediately stop:

 (a) directly or indirectly soliciting, diverting, appropriating, or accepting or attempting to solicit, divert, appropriate, or accept business from any customer of BrightView with whom, during the last two years of his employment at BrightView, (i) the defendant had contact with that was intended to establish or strengthen a business or professional relationship for BrightView, regardless of whether the contact was with a customer directly assigned to the defendant or with a customer with which the defendant otherwise had contact in furtherance of his duties for BrightView, or (ii) about whom the defendant received confidential information;

 (b) directly or indirectly soliciting, recruiting, or encouraging current BrightView employees or individuals who have terminated their employment with BrightView within the past one year, with whom Howard worked, as to whom the defendant supervised, or about whom the defendant has confidential information, to provide to a competing business the same or substantially similar services they provided to BrightView; and

 (c) using, disclosing, distributing, or otherwise disseminating BrightView's Confidential Information and Trade Secrets, as defined in BrightView's Confidentiality and Non-Solicitation Agreement.

**MEMORANDUM DECISION AND ORDER - 11**

6. The defendant shall preserve and not destroy any documents reflecting information relevant to the subject matter of this action, regardless of whether such documents exist in hardcopy or electronic formats, and including, but not limited to, written communications, email messages, text messages, voicemail messages, notes or other documents of any kind or in any format.

7. The temporary restraining order shall expire on **May 19, 2025 at 6:00 pm.**

8. Along with a copy of the Complaint, the plaintiff shall serve the defendant with a copy of this Order.

DATED: May 8, 2025

_____
B. Lynn Winmill
U.S. District Court Judge